United States District Court
Southern District of Texas

**ENTERED**

June 22, 2022

Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOB CERVANTES, a/k/a | § | |
| JOE CERVANTES, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-21-2688 |
| | § | |
| BOBBY LUMPKIN, | § | |
| | § | |
| *Respondent*. | § | |

**MEMORANDUM OPINION AND ORDER**

Petitioner, a state inmate proceeding *pro se*, filed a habeas petition under 28 U.S.C.

§ 2254 challenging his conviction and ten-year sentence for intoxication assault with a

vehicle causing serious bodily injury.

Respondent filed a motion for summary judgment on December 16, 2021, and served

the motion on petitioner at his address of record that same date. (Docket Entry No. 10.)

Despite expiration of a reasonable period of time of six months, petitioner has failed to

respond to the motion, and the motion is deemed unopposed. *See* L.R. 7.4, Local Rules of

the United States District Court For the Southern District of Texas.

Having considered the motion, the pleadings, the record, and the applicable law, the

Court **GRANTS** the motion for summary judgment and **DISMISSES** this case for the

reasons shown below.

## I.  BACKGROUND AND CLAIMS

Petitioner pleaded guilty to intoxication assault with a vehicle causing serious bodily injury in Harris County, Texas, and was sentenced to a ten-year term of imprisonment on July 19, 2018.  No direct appeal was taken.  Petitioner filed an application for state habeas relief with the trial court, which was denied by the Texas Court of Criminal Appeals on January 13, 2021, without a written order on the findings of the trial court without a hearing and on the court's independent review of the record.

In the instant federal petition, petitioner claims that trial counsel was ineffective in:

(1)  Failing to investigate or contest the lab reports, accident reports, and two affidavits.

(2)  Failing to pursue defenses or prepare a strategy.

(3)  Failing to prepare petitioner for trial or present his character, liability, devotion, or remorse to the court as mitigation.

(4)  Failing to advise petitioner of the deadly weapon finding or to "put a cap on sentence before" trial.

(5)  Erroneously advising petitioner that he would get probation and then failing to timely request probation.

(6)  Erroneously advising petitioner to go through a pre-sentence investigation ("PSI") instead of accepting an eight-year sentence, an offer lower than the sentence he ultimately received.

Respondent argues that these claims were waived by petitioner's guilty plea, are without merit, and should be dismissed.

## II.  LEGAL STANDARDS

A.    Habeas Review

This petition is governed by provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under the AEDPA, federal habeas relief cannot be granted on legal issues adjudicated on the merits in state court unless the state adjudication was contrary to clearly established federal law as determined by the Supreme Court, or involved an unreasonable application of clearly established federal law as determined by the Supreme Court. *Harrington v. Richter*, 562 U.S. 86, 98–99 (2011); *Williams v. Taylor*, 529 U.S. 362, 404–05 (2000); 28 U.S.C. §§ 2254(d)(1), (2). A state court decision is contrary to federal precedent if it applies a rule that contradicts the governing law set forth by the Supreme Court, or if it confronts a set of facts that are materially indistinguishable from such a decision and arrives at a result different from the Supreme Court's precedent. *Early v. Packer*, 537 U.S. 3, 7–8 (2002).

A state court unreasonably applies Supreme Court precedent if it unreasonably applies the correct legal rule to the facts of a particular case, or unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply, or unreasonably refuses to extend that principle to a new context where it should apply. *Williams*, 529 U.S. at 409. In deciding whether a state court's application was unreasonable, this Court considers whether the application was objectively unreasonable. *Id.* at 411. "It bears repeating that even a strong case for relief does not mean the state court's contrary

3

conclusion was unreasonable." *Richter*, 562 U.S. at 102. As stated by the Supreme Court in *Richter*,

> If this standard is difficult to meet, that is because it was meant to be. As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings. It preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents. It goes no farther. Section 2254(d) reflects the view that habeas corpus is a "guard against extreme malfunctions in the state criminal justice systems," not a substitute for ordinary error correction through appeal.

*Id.*, at 102–103 (emphasis added; internal citations omitted).

The AEDPA affords deference to a state court's resolution of factual issues. Under 28 U.S.C. § 2254(d)(2), a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless it is objectively unreasonable in light of the evidence presented in the state court proceeding. *Miller–El v. Cockrell*, 537 U.S. 322, 343 (2003). A federal habeas court must presume the underlying factual determination of the state court to be correct, unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Miller–El*, 537 U.S. at 330–31. This presumption of correctness extends not only to express factual findings, but also to implicit or unarticulated findings which are necessary to the state court's conclusions of mixed law and fact. *Murphy v. Davis*, 901 F.3d 578, 597 (5th Cir. 2018).

B.     Summary Judgment

In deciding a motion for summary judgment, the district court must determine whether the pleadings, discovery materials, and the summary judgment evidence show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.   FED. R. CIV. P. 56(c).   Once the movant presents a properly supported motion for summary judgment, the burden shifts to the nonmovant to show with significant probative evidence the existence of a genuine issue of material fact.   *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000).

While summary judgment rules apply with equal force in a section 2254 proceeding, the rules only apply to the extent that they do not conflict with the federal rules governing habeas proceedings.   Therefore, section 2254(e)(1), which mandates that a state court's findings are to be presumed correct, overrides the summary judgment rule that all disputed facts must be construed in the light most favorable to the nonmovant.   Accordingly, unless a petitioner can rebut the presumption of correctness of a state court's factual findings by clear and convincing evidence, the state court's findings must be accepted as correct by the federal habeas court.   *Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002), *overruled on other grounds by Tennard v. Dretke*, 542 U.S. 274 (2004).

### III.   INEFFECTIVE ASSISTANCE OF COUNSEL

A.   *Strickland* Standards

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to the effective assistance of counsel. U.S. CONST. amend. VI. A federal habeas corpus petitioner's claim that he was denied effective assistance of counsel is measured by the standards set out in *Strickland v. Washington*, 466 U.S. 668 (1984).  To assert a successful ineffectiveness claim, a petitioner must establish both constitutionally deficient performance by counsel and actual prejudice as a result of counsel's deficient performance. *Id.* at 687.  The failure to demonstrate either deficient performance or actual prejudice is fatal to an ineffective assistance claim. *Green v. Johnson*, 160 F.3d 1029, 1035 (5th Cir. 1998).

A counsel's performance is deficient if it falls below an objective standard of reasonableness. *Strickland*, 466 U.S. at 688.  In determining whether counsel's performance was deficient, judicial scrutiny must be highly deferential, with a strong presumption in favor of finding that trial counsel rendered adequate assistance and that the challenged conduct was the product of a reasoned trial strategy. *West v. Johnson*, 92 F.3d 1385, 1400 (5th Cir. 1996). To overcome this presumption, a petitioner must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992).  However, a mere error by counsel, even if

professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. *Strickland*, 466 U.S. at 691.

Actual prejudice from a deficiency is shown if there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different. *Id.* at 694. To determine prejudice, the question focuses on whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair. *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). In that regard, unreliability or unfairness does not result if the ineffectiveness does not deprive the petitioner of any substantive or procedural right to which he is entitled. *Id.*

B.    Waiver of Claims

Petitioner pleaded guilty to the charged offense. He did not challenge the validity of his plea on state collateral review, nor does he challenge the guilty plea in the instant proceeding. The state trial court on collateral review expressly found that petitioner's guilty plea "was done freely, voluntarily, and with full knowledge of the potential consequences and the rights he was giving up with his plea." (Docket Entry No. 11-2, p. 59, Finding of Fact No. 35.)

The entry of a valid guilty plea bars habeas review of most non-jurisdictional claims alleging antecedent violations of constitutional rights. *Matthew v. Johnson*, 201 F.3d 353, 364 (5th Cir. 2000). Consequently, petitioner's ineffective assistance claims premised on failure to investigate, failure to prepare the case, and failure to advise him as to a deadly

weapon finding are waived by petitioner's knowing and voluntary guilty plea.  Respondent
is entitled to summary judgment dismissal of these claims.

C.    Mitigation Preparation

Petitioner claims that counsel failed to present mitigation evidence as to his character,
liability, devotion, or remorse at the PSI/sentencing hearing.  Because this claim concerns
counsel's actions at sentencing, it arguably survives petitioner's guilty plea.  In the interest
of justice, the Court will address the merits of the claim.

In responding to this claim on collateral review, trial counsel submitted an affidavit
to the trial court, testifying in relevant part as follows:

> I did prepare a mitigation package for the sentencing in this matter, including
> documentation of Applicant's efforts at rehabilitation through Alcoholics
> Anonymous, his involvement in his large extended family, and his efforts at
> participating in church affairs.  Unfortunately, Mr. Cervantes was unable or
> unwilling to provide me with the identity and contact information for any
> person in his church who could testify as to his involvement in the church, and
> was unwilling to provide me with identity and contact information for his AA
> sponsor, so that I could procure the presence of such s witness to testify as to
> his efforts and progress toward alcoholic rehabilitation.  The contents of this
> package were discussed with Mr. Cervantes literally for months, as I
> developed the contents from letters, pictures of his family, and information
> about his willingness and ability to work and pay restitution.  I also attempted
> to contact the complaining witness's lawyer in order to offer Mr. Cervantes'
> cooperation and testimony in the personal injury case for "overserving" Mr.
> Cervantes, but never received any communication in return, despite numerous
> phone calls to his office.

(Docket Entry No. 11-2, pp. 31–32.)

8

In rejecting this claim on state collateral review, the trial court made the following relevant findings of fact:

8.  Applicant's trial counsel, [L.M.], filed an affidavit addressing Applicant's claims.

9.  The habeas court finds the affidavit of [trial counsel] to be credible and the facts asserted therein to be true.

\*   \*   \*   \*

24.  [Trial counsel] prepared a mitigation packet for the PSI hearing that included Applicant's rehabilitation efforts, willingness to pay restitution, willingness to testify in the civil case about being "overserved," Applicant's family ties and church involvement.

25.  Applicant was unwilling to provide [trial counsel] with the contact information for any members of Applicant's church, or his AA sponsor for the purpose of being character witnesses for Applicant.

26.  Applicant fails to show what additional mitigation evidence should have been provided.

27.  Applicant fails to show that additional mitigation evidence would have made a difference in the outcome of his case.

28.  Applicant fails to show his trial counsel was deficient for failing to prepare additional mitigation evidence.

(Docket Entry No. 11-2, pp. 55–58, record citations omitted.)

The record shows that the mitigation documents prepared by trial counsel were introduced into evidence and discussed during the sentencing hearing. (Docket Entry No. 11-3.) Moreover, petitioner testified at the sentencing hearing as to his past history, his remorse, his rehabilitation efforts, his family support, and his ability to successfully complete

probation in this case. *Id.*, pp. 50–71. The trial court ultimately sentenced petitioner to a ten-year term of imprisonment. *Id.*, p. 76. Petitioner proffers no probative summary judgment evidence of any mitigation evidence counsel failed to present, or that additional mitigation evidence would have made a difference in the outcome of his sentencing hearing. Petitioner fails to establish deficient performance and actual prejudice under *Strickland*, and his conclusory assertions are insufficient to preclude the granting of summary judgment.

The court on collateral review rejected petitioner's claim for habeas relief. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment dismissal of petitioner's claim for ineffective assistance of counsel.

D.    Erroneous Advice as to Probation

Petitioner claims that trial counsel was ineffective in erroneously advising him that he would get probation, and then failing to timely request probation. Because it is unclear whether these communications between petitioner and counsel took place before or after the guilty plea, and because the substance of the claim involves a sentencing issue, petitioner's claim was not necessarily waived by the guilty plea. In the interest of justice, the Court will address the merits of the claim.

In responding to this claim on collateral review, trial counsel submitted an affidavit to the trial court, testifying in relevant part as follows:

10

I discussed the likelihood of Mr. Cervantes getting probation in this case on many occasions, both in an out of Court. I reviewed his criminal history, including a previous case two years before in which he was accused of nearly identical behavior, *i.e.*, causing a vehicle collision resulting in serious bodily injury while under the influence of alcohol, (I represented him in that case, and obtained a plea agreement for deferred adjudication) and his previous felony conviction in which he served penitentiary time. For possession of a controlled substance, and numerous other misdemeanor and felony cases involving controlled substances, and evading with a motor vehicle going back sixteen years. I also discussed the fact that he was still on probation from the previous intoxication assault case (deferred adjudication) when he was arrested in this case. Based on all of the above, I advised him that his chances of making probation in this case were slim, and that the only way to get probation with his record was from a judge, but that was unlikely, since the evidence of rehabilitation we had was exactly the same as what we had two years before in the previous case.

(Docket Entry 11-2, p. 32.)

In rejecting this claim on state collateral review, the trial court made the following

relevant findings of fact:

8.    Applicant's trial counsel, [L.M.], filed an affidavit addressing Applicant's claims.

9.    The habeas court finds the affidavit of [trial counsel] to be credible and the facts asserted therein to be true.

*    *    *    *

30.    [Trial counsel] advised Applicant that due to his criminal history which included a deferred adjudication for a similar offense, and a previous felony conviction that probation was an unlikely outcome.

31.    Applicant wished to proceed with the PSI and attempt to get probation.

32.    Applicant understood the process of the plea and the PSI and made the choice to proceed with a PSI.

11

\*   \*   \*   \*

35. Applicant's decision to plead guilty and have a PSI hearing was done freely, voluntarily, and with full knowledge of the potential consequences and the rights he was giving up with his plea.

36. Applicant fails to show that [trial counsel] did not appropriately advise him about the PSI process.

\*   \*   \*   \*

38. Applicant fails to show that [trial counsel] was ineffective for failing to give him appropriate legal counsel.

39. In a habeas proceeding, Applicant bears the burden of proving, by a preponderance of the evidence, the facts that would entitle him to relief.

40. The totality of [trial counsel's] representation was sufficient to protect Applicant's right to reasonably effective assistance of counsel in trial.

41. Applicant fails to show [trial counsel's] representation fell below an objective standard of reasonableness in any way and that, but for counsel's alleged deficiencies, there is a reasonable probability that the result of the proceeding would have been different.

(Docket Entry No. 11-2, pp. 55–60, citations omitted.)

Nothing in the record before this Court supports petitioner's bald assertion that trial counsel told him he would "get probation." To the contrary, counsel's affidavit and the trial court's findings of fact show that counsel told petitioner that probation was an unlikely outcome. Moreover, the sentencing record shows that petitioner's potential probation was addressed throughout the hearing by defense counsel, witnesses, the prosecution, the trial court, and petitioner himself. (Docket Entry No. 11-3, pp. 35, 36, 38, 43, 48, 56, 58, 64–65,

12

73.)  Petitioner requested to be placed on probation at the hearing, *id.*, p. 58, and defense counsel requested probation for petitioner.  *Id.*, p. 73 ("So we're asking the Court to put him on 10 years probation on whatever conditions that the Court finds appropriate.").  Petitioner's allegation that trial counsel never requested probation is plainly refuted by the record.

The court on collateral review rejected petitioner's claim for habeas relief.  Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable determination of the facts based on the evidence in the record.  Respondent is entitled to summary judgment dismissal of petitioner's claim for ineffective assistance of counsel.

E.    Erroneous Advice as to Sentencing

Petitioner next claims that trial counsel erroneously advised him to go through a PSI hearing instead of accepting an eight-year sentence, an offer lower than the sentence he ultimately received.  Because it is unclear whether these communications between petitioner and counsel took place before or after the guilty plea, and because the substance of the claim involves a sentencing issue, petitioner's claim was not necessarily waived by the guilty plea. In the interest of justice, the Court will address the merits of the claim.

In responding to this claim on collateral review, trial counsel submitted an affidavit to the trial court, testifying in relevant part as follows:

7.      I also discussed the merits of having a jury trial instead of a plea with a PSI. Given the current public sentiment on the subject of repeat DWI offenders causing injury to others while driving under the influence, a Harris County jury for these issues did not seem to be in Mr. Cervantes' best interest, and he agreed that he did not want a jury trial. Given that the complaining witness was a frail, genteel senior citizen of color, with serious injuries, of which many alarming photos were taken, and which would be at least attempted to be introduced in a jury trial, with at least some being allowed over objection, Mr. Cervantes and I both agreed that the chances of receiving a more lenient sentence were better with a plea to a PSI, making the case for rehabilitation through the probation department and the sentencing hearing.

8.      I discussed a cap on the sentence with the ADA in charge of this case, and he was willing to keep his last, best offer open until the sentencing hearing started, but not beyond that point, and was not willing to agree to cap the sentence if we had a sentencing hearing. As Mr. Cervantes was not willing to make any agreement which did not call for probation, he was not willing to make an agreement for a "cap," that involved a prison sentence.

9.      Given the months of discussion of the plea process, months of discussion of available sentences, months of discussion of parole eligibility, and Mr. Cervantes previous experience with entering into plea agreements in nine cases over the previous sixteen years, I thoroughly believe that Mr. Cervantes completely understood his substantive trial rights under the fifth, sixth, and tenth amendments to the U.S. Constitution, and Article One, Section 7 of the Texas Constitution, and I reviewed all these rights with Mr. Cervantes before entering the plea in this case.

10.     I also discussed the ramifications of the deadly weapon finding in his case, explaining the definition of deadly weapon, and how objects other than knives, guns, and other conventional weapons could be found to be deadly weapons according to the manner of their use. I also went to great lengths to inform Mr. Cervantes of the consequences of a deadly weapon fining in this case, if he did not get probation.  He was very focused on getting probation, and not terribly interested in hearing about the factors in this case that could be used to prove up a deadly weapon finding, *i.e.*, driving the wrong way on a busy freeway, excessive speed, failing to apply his brakes before the collision, and was willing to take the chance if he could just "go for

probation." He seemed very confident that having several family members testify on his behalf would assure him of getting probation.

(Docket Entry No. 11-2, pp. 33–34.)

In rejecting this claim on collateral review, the trial court made the following relevant findings of fact:

7.  Applicant's fourth and fifth grounds for relief claim his trial counsel was ineffective for failing to advise Applicant about the PSI procedure and risks, and advise Applicant about the ramifications of a deadly weapon finding.

8.  Applicant's trial counsel, [L.M.], filed an affidavit addressing Applicant's claims.

9.  The habeas court finds the affidavit of [trial counsel] to be credible and the facts asserted therein to be true.

* * * *

29.  [Trial counsel] discussed the PSI process compared to the process of a jury trial with Applicant.

30.  [Trial counsel] advised Applicant that due to his criminal history which included a deferred adjudication for a similar offense, and a previous felony conviction that probation was an unlikely outcome.

31.  Applicant wished to proceed with the PSI and attempt to get probation.

32.  Applicant understood the process of the plea and the PSI and made the choice to proceed with a PSI.

33.  [Trial counsel] spoke with Applicant about the deadly weapon finding but Applicant was focused largely on getting probation and was not interested in the factors that could result in an affirmative deadly weapon finding.

34.   Applicant said he was willing to take the risk of the PSI and the deadly weapon finding if he could "go for probation."

35.   Applicant's decision to plead guilty and have a PSI hearing was done freely, voluntarily, and with full knowledge of the potential consequences and the rights he was giving up with his plea.

36.   Applicant fails to show that [trial counsel] did not appropriately advise him about the PSI process.

37.   Applicant fails to show that [trial counsel] did not appropriately advise him about the ramifications of a deadly weapon finding.

38.   Applicant fails to show that [trial counsel] was ineffective for failing to give him appropriate legal counsel.

39.   In a habeas proceeding, Applicant bears the burden of proving, by a preponderance of the evidence, the facts that would entitle him to relief.

40.   The totality of [trial counsel's] representation was sufficient to protect Applicant's right to reasonably effective assistance of counsel in trial.

41.   Applicant fails to show [trial counsel's] representation fell below an objective standard of reasonableness in any way and that, but for counsel's alleged deficiencies, there is a reasonable probability that the result of the proceeding would have been different.

(Docket Entry No. 11-2, pp. 55–60, citations omitted.)

Trial counsel's affidavit testimony makes clear that petitioner was focused on probation, and that petitioner declined the State's offer that involved prison time. The state court's findings of fact determined that counsel advised petitioner of the unlikeliness of his receiving probation and the consequences of proceeding to a sentencing hearing (including a deadly weapon finding), but that petitioner elected to proceed to a sentencing hearing.

16

Petitioner presents no probative summary judgment evidence controverting these findings or otherwise demonstrating that counsel was ineffective as to his advice and recommendations. Petitioner demonstrates neither deficient performance nor actual prejudice under *Strickland*.

The state court on collateral review rejected petitioner's claim for habeas relief. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment dismissal of petitioner's claim for ineffective assistance of counsel.

## IV.  CONCLUSION

Respondent's motion for summary judgment (Docket Entry No. 10) is **GRANTED** and this case is **DISMISSED WITH PREJUDICE**. Any and all pending motions are **DISMISSED AS MOOT**. A certificate of appealability is **DENIED**.

Signed at Houston, Texas, on this the ⅔1st day of June, 2022.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

17